```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————————————
MB FINANCIAL BANK, N.A.,
                                          11 Civ. 5538 (JGK)
                    Plaintiff,
                                          OPINION AND ORDER
        - against -

56 WALKER, LLC, et al.,

                    Defendants.
————————————————————————————————
```

**JOHN G. KOELTL, District Judge:**

The plaintiff, MB Financial Bank, N.A. ("the plaintiff"), brings this motion for attorney's fees after defendants 56 Walker, LLC ("56 Walker"), Guy Morris ("Morris"), and INN World Report, Inc. ("INN") (collectively "the removing defendants") removed the above-captioned case to this Court and subsequently consented to remand after a motion for remand was fully briefed. The plaintiff seeks fees only against Morris and INN, because 56 Walker is currently in bankruptcy.

I.

The plaintiff's predecessor in interest, Broadway Bank, initially brought this action in the New York State Supreme Court, New York County, seeking foreclosure upon a commercial mortgage lien on a building in Manhattan due to an alleged failure to repay an $8 million mortgage loan. The foreclosure

is the only cause of action asserted in the plaintiff's amended complaint.

On July 21, 2011, the New York State Supreme Court, New York County issued an order directing defendants 56 Walker and Morris to show cause by August 10, 2011 why a receiver should not be appointed. On August 10, 2011, the same date their opposition to the order to show cause was due, these defendants, as well as defendant INN, filed a notice of removal to this Court. Notice of Removal, <u>MB Financial Bank, N.A. v. 56 Walker, LLC, et al.</u>, No. 11 Civ. 5538 (S.D.N.Y. Aug. 10, 2011). The removing defendants asserted that the action arose under federal law and that jurisdiction was therefore proper under 28 U.S.C. § 1331. <u>Id.</u> Only three of the fifteen defendants named in the complaint joined in the removal. <u>Id.</u>

On August 12, 2011, the plaintiff moved this Court, by order to show cause, for the case to be remanded to the New York State Supreme Court, New York County. On September 7, 2011, this Court held oral argument on the motion to remand. The Court noted its concern that the removing defendants appeared unable to articulate a jurisdictional basis for removal but gave the parties an opportunity to submit further briefing, which they subsequently did. (Sept. 7, 2011 Hr'g Tr. at 10, 14.)

On September 13, 2011, the removing defendants notified the Court that they consented to the remand of this action. At a

2

hearing held that same day, the Court indicated that it would issue an order remanding the case and instructed the plaintiff to submit any application for attorney's fees and costs by October 28, 2011. (Sept. 13, 2011 Hr'g Tr. at 11, 13.) The Court also indicated that sanctions under Federal Rule of Civil Procedure 11 were not available. (Sept. 13 Hr'g Tr. at 13-14.) The Court subsequently issued an order remanding this case to the New York State Supreme Court, New York County. Order, <u>MB Financial Bank, N.A. v. 56 Walker, LLC, et al.</u>, No. 11 Civ. 5538 (S.D.N.Y. Sept. 13, 2011).

On October 28, 2011, the plaintiff filed this application seeking an award of $30,615 in attorney's fees based on the fees it asserts it incurred in connection with the remand motion.

**II.**

**A.**

28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has held that, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."

3

Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005); see Calabro v. Aniqa Halal Live Poultry Corp., 650 F.3d 163, 166 (2d Cir. 2011) (attorney's fees and costs proper under § 1447(c) where the purported basis for removal was objectively unreasonable).

A case need not be removed improvidently or in bad faith for costs to be appropriate.  See Morgan Guaranty Trust Co. of N.Y. v. Republic of Palau, 971 F.2d 917, 923-24 (2d Cir. 1992). Instead, it is appropriate for a court to consider the "overall fairness given the nature of the case, the circumstances of the remand, and the effect on the parties."  Id. at 924 (internal quotation marks omitted).  Costs and expenses are available to "deter[] improper removal" because "the simplicity of [the removal] procedure . . . exposes a [non-removing party] to the possibility of abuse, unnecessary expense and harassment if a defendant removes improperly . . . ."  Circle Indus. USA, Inc. v. Parke Constr. Grp., Inc., 183 F.3d 105, 109 (2d Cir. 1999).

**B.**

1.

In this case, an award of attorney's fees and costs is warranted because the removing defendants lacked an objectively reasonable basis for seeking removal.  The removing defendants asserted that removal was proper based on federal question

4

jurisdiction because the plaintiff's complaint arose under federal law.  However, it was clear from the plaintiff's complaint that there was no basis for "arising under" jurisdiction in this case.  A claim "arises under" federal law only when, in accordance with the "well-pleaded complaint rule," a "federal question is presented on the face of the plaintiff's properly pleaded complaint."  Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) (internal quotation marks and citations omitted).  Here, the plaintiff's complaint does not present any federal question but rather asserts only a state law foreclosure claim.  While the removing defendants argued that problems with the transfer of the loan and its provenance rendered removal appropriate, these are defenses, rather than the basis for the claim, and do not give rise to federal question jurisdiction.  See id. at 478 (a defendant cannot remove on the basis of a federal defense); Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908) (anticipated defense is insufficient to give rise to federal jurisdiction).

   The removing defendants also argued that the complaint was merely artfully pleaded to avoid pleading federal law.  The "artful pleading" doctrine "rests on the principle that a plaintiff may not defeat federal subject-matter jurisdiction by 'artfully pleading' his complaint as if it arises under state law where the plaintiff's suit is, in essence, based on federal

5

law." Sullivan v. Am. Airlines, Inc., 424 F.3d 267, 271 (2d Cir. 2005). However, there is no federal law underlying this state foreclosure action around which the plaintiff could have artfully pleaded. To the extent that the removing defendants asserted that the plaintiff's complaint was artfully pleaded because the plaintiff's claims are completely pre-empted by federal law, this argument is unpersuasive. There is no basis to conclude that a mortgage foreclosure action is completely pre-empted by federal law, and, indeed, the removing defendants have cited no case that stands for this proposition. Cf. Rivet, 522 U.S. at 476 (improper to remove an action from state court that sought recognition and enforcement of a mortgage under state law despite a claim of preclusion under prior Bankruptcy Court orders). Thus, the removing defendants lacked an objectively reasonable basis for removal because federal question jurisdiction was plainly unavailable in this case.

2.

In addition, there were procedural defects which rendered the removal of the action objectively unreasonable. First, not all of the defendants consented to the removal, which is required for removal to be proper. See In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., 488 F.3d 112, 134 (2d Cir. 2007); Codapro Corp. v. Wilson, 997 F. Supp. 322, 325-26

(E.D.N.Y. 1998) (collecting cases).[1]  The removing defendants assert that their failure to obtain the consent of all defendants was reasonable because they believed many of these defendants to be nominal parties from whom consent was not required.  See Ell v. S.E.T. Landscape Design, Inc., 34 F. Supp. 2d 188, 194 (S.D.N.Y. 1999) (rule of unanimity does not apply to nominal parties).  However, it is clear that some of the defendants who did not join in the removal are lien holders whose interests are sought to be affected by this action and thus cannot be characterized as nominal parties.  Cf. Heller v. N.Y.C. Health & Hosps. Corp., No. 09 Civ. 6193, 2010 WL 481336, at *3 (S.D.N.Y. Feb. 1, 2010) (party is considered nominal when "that party has little or no interest in the outcome of the litigation").  Thus, it was objectively unreasonable to remove this action without the consent of these defendants.  See Sherman v. A.J. Pegno Constr. Corp., 528 F. Supp. 2d 320, 331 (S.D.N.Y. 2007) (defendants lacked objectively reasonable basis to remove action where they were aware that one of the

---

[1] The removal statute was recently amended to provide that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."  Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 103, 128 Stat. 758, 760 (2011).  However, these amendments only apply to actions commenced on or after the Act's effective date.  Id. at § 105, 764.

defendants had not joined in seeking removal but disregarded this fact).

3.

In addition, the removal was untimely because it was not made within the thirty-day time period provided by the removal statute. See 28 U.S.C. § 1446(b).[2] The notice of removal was filed nearly ninety days after service of the amended complaint on the removing defendants. (Decl. of Matthew D. Parrott in Supp. of Pl.'s Mot. for an Award of Attorneys' Fees ("Parrott Decl.") Ex. D at ¶ 11.) The removing defendants argue that the first pleading that indicated that there was a basis for removal was the plaintiff's motion for the appointment of a receiver filed in the New York State Supreme Court in July 2011, and that the notice of removal was filed within thirty days of this pleading. However, nothing in this pleading indicates any basis for federal jurisdiction over this action; instead, it reiterates that this is a mortgage foreclosure action governed by state law. (Parrott Decl. Ex. B.) Thus, an award of attorney's fees is further warranted by the fact that removal

---

[2] Following the recent amendments to the removal statute, this provision now appears in 28 U.S.C. § 1446(b)(2)(B). See Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 103, 128 Stat. 758, 760 (2011).

was untimely and therefore improper.  The plaintiff's motion for an award of attorney's fees is accordingly **granted**.

### III.

The plaintiff seeks an award of attorney's fees in the amount of $30,615, which it contends represents fees at a reasonable hourly rate for a reasonable number of hours expended in connection with the remand motion.

"Plaintiffs may recover fees at a reasonable rate for a reasonable number of hours spent in connection with the remand motion.  A reasonable rate is one in-line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Greenidge v. Mundo Shipping Corp., 60 F. Supp. 2d 10, 12 (E.D.N.Y. 1999) (internal quotation marks and citations omitted).  In this case, the plaintiff asserts that its attorneys spent 51 hours litigating the remand motion and that the hourly billing rates were $645 per hour for litigation partners Matthew D. Parrott and Arthur S. Linker and $545 per hour for senior litigation associate Jovana Vujovic.

The hourly rates sought in the fee application are reasonable.  See, e.g., CDO Plus Master Fund Ltd. v. Wachovia Bank, N.A., No. 07 Civ. 11078, 2011 WL 4526132, at *3 (S.D.N.Y. Sept. 29, 2011) (finding rate of $632 per hour to be "within the

9

range of what courts have considered reasonable in this district"); In re AOL Time Warner S'holder Derivative Litig., No. 02 Civ. 6302, 2010 WL 363113, at *13 (S.D.N.Y. Feb. 1, 2010) (hourly rates for partners ranging from $300 to $850 fell "within the range of those commanded by leading lawyers in the Southern District"). However, the number of hours expended in connection with the remand motion is excessive, given that the removal was plainly improper due to the clear procedural defects and lack of federal jurisdiction in this case. See, e.g., Dela Rosa v. 610-620 West 141 LLC, No. 08 Civ. 8080, 2009 WL 1809467, at *4 (S.D.N.Y. June 24, 2009) (finding request for attorney's fees excessive because, among other factors, removal was improper on the face of the notice of removal). While it is certainly prudent, as the plaintiff argues, to analyze each argument raised by the removing defendants in their papers associated with the remand motion, that does not mean that clearly dispositive arguments that can be economically made are not sufficient. It should not have taken two partners and a senior associate fifty-one hours to make these arguments. Accordingly, the Court applies an across-the-board reduction of 40% to the plaintiff's attorneys' hours, resulting in an award of $18,369. See Alveranga v. Winston, No. 04 Civ. 4356, 2007 WL 595069, at *6 (E.D.N.Y. Feb. 22, 2007) (applying an across-the-board reduction of 40% to account for excessive hours expended

in connection with remand motion). The plaintiff's motion for an award of attorney's fees is therefore **granted** in the amount of $18,369.

## CONCLUSION

The Court has considered all of the arguments of the parties. To the extent not specifically addressed above, the remaining arguments are either moot or without merit. For the foregoing reasons, the plaintiff's motion for an award of attorney's fees is **granted** in the amount of $18,369. The Clerk is directed to close Docket No. 22.

SO ORDERED

Dated: New York, New York
December 16, 2011

_____
John G. Koeltl
United States District Judge